James **WORTHAM**, Appellant,

v.

The **CITY OF AMARILLO** et al., Appellees.

No. 835I.

Court of Civil Appeals of Texas, Amarillo.

April 2, 1973.

Rehearing Denied April 30, 1973.

Hugh L. Umphres, Jr., Amarillo, for appellant.

J. Bruce Aycock, City Atty., Robert D. Cheatham, Gary Compton, Asst. City Attys., Amarillo, for appellees.

REYNOLDS, Justice.

This suit, filed as an appeal from a civil service commission judgment of mootness or, alternatively, as an application for writ of mandamus, sought judgment for restoration to the position and duties of a district fire chief from which plaintiff alleged he was suspended by assignment to other duties. The trial court denied all relief sought. Affirmed.

The City of Amarillo, a home rule city, adopted the provisions of Vernon's Ann. Civ.St. art. 1269m, the Texas Firemen's and Policemen's Civil Service Act. In September, 1958, the city enacted Ordinance No. 3130 creating a classification plan for city employees. This plan included the classification of district fire chief, with three positions, and the classifica-

tion of Drillmaster, with one position, in Group X, with the same basic salary for each position. Originally, as a prerequisite for advancement to the next higher group classification, the examination required of a district fire chief was different from the examination required of a drillmaster; however, in 1967, the previously prescribed drillmaster examination was eliminated and the examination theretofore applicable for a district fire chief was thereafter required for all Group X employees. At all times, all Group X positions carried the title of district fire chief with the same uniform and insignia of rank, provided the same advancement opportunity, and required comparable qualifications, skills and abilities. The major distinction was that, although work requirements were similar in some respects for the two, a district fire chief's work assignment was in a supervisory capacity over fire fighting companies, and a drillmaster's work assignment was in an instructional capacity over fire department personnel, with corresponding related physical activities.

Appellant-plaintiff James Wortham joined the city fire department in 1949, and in 1965 he was promoted to the position of district fire chief. On or about January 1, 1972, the city fire chief ordered him to perform the duties of a drillmaster. Although Chief Wortham performed the assignment, he objected to the assigned duties and appealed to the Amarillo Civil Service Commission. It was Chief Wortham's position before the civil service commission that he was the holder of the classified position of district fire chief, that no charges or complaints had ever been filed against him, and that by being ordered to perform the duties of the classified drillmaster position he had been administratively suspended from his classified position in violation of his statutory rights under the civil service act to perform the duties inherent in the position of district fire chief.

Before the civil service commission acted on the appeal, the city enacted Ordinance No. 4171 which abolished the classification of drillmaster and increased to four the number of positions of district fire chief. Thereafter, upon the findings of similarity between the two positions heretofore noted and the further findings that the distinction between the two positions was for payroll purposes and that Ordinance No. 4171 abolished the distinction, the civil service commission entered an order holding that the assignment was a valid exercise of the fire chief's administrative authority and that the appeal was moot. Chief Wortham then instituted this suit against the City of Amarillo, its fire chief and its city manager as an appeal from the order of the civil service commission or, alternatively, as an application for writ of mandamus, premised upon the same position taken before the civil service commission. The defendants filed a jurisdictional plea grounded on the lack of a right of appeal, preliminarily to their answer on the merits. Chief Wortham then moved for summary judgment which was controverted. The court heard evidence as it pertained to the respective matters and entered its order sustaining the plea to the jurisdiction, overruling the motion for summary judgment and denying the application for writ of mandamus.

■ The only appeal authorized under the civil service act is one from a civil service commission order of demotion, or dismissal, or suspension. Art. 1269m, § 18, V.A.C.S. Chief Wortham does not claim that he was demoted or dismissed, but he contends that he was suspended within the purview of the civil service act. Alternatively, he asserts that if he was not suspended, he was denied tenure as a district fire chief and that mandamus will lie to restore his right of tenure. We agree that if Chief Wortham has no established specified remedy, the remedy of mandamus applies if in fact Chief Wortham has been deprived of, and is clearly entitled to, the

right of tenure he asserts. See Seagraves v. Green, 116 Tex. 220, 288 S.W. 417 (1926), and cases collated at 37 Tex.Jur.2d Mandamus, § 3.

■ The salient issue is whether Chief Wortham's assignment to duties different from, although relational to, those he previously performed, within the same classification group and without otherwise changing his civil service status, constitutes either a suspension from, or denial of tenure in, his classified position. We think not. After the assignment to duties attributed to a drillmaster before the title was abolished by Ordinance No. 4171, and at all times thereafter, Chief Wortham carried the title of district fire chief, his salary was not affected, other than his being entitled to qualify for an additional $50.00 per month for car expenses, he wore the same uniform and the same insignia as before the assignment, and there is no contention that he was denied any rights except the right to perform the duties ordinarily carried out by one designated a district fire chief. In fact, in July, 1972, while performing his assigned instructional duties, Chief Wortham took the examination given for the next higher classification of assistant fire chief, the examination available only to district fire chiefs. In brief, the only change was in the nature of duties Chief Wortham was assigned to perform in connection with his employment in the fire department. We have carefully analyzed the numerous cited authorities and others researched without discovery of a decretal opinion addressed to the issue. The decisional authority most analogous to the factual situation here is City of Waco v. Akard, 252 S.W.2d 496 (Tex.Civ.App.—Waco 1952, writ ref'd n. r. e.). There, the valid police classification plan placed the classification of sergeant and the classification of detective in Grade 2 with the same basic salary. The chief of police assigned a sergeant to the duties of a detective. It was held that the courts are not empowered to limit the police chief's authority, not so restricted by the civil service statute or by the classification ordinance, to assign a classified position employee to duties of another classified position in the same grade to serve the best interests of the safety and welfare of the city. The rationale expressed in Akard is applicable to the factual situation presented here.

The fire chief did not order Chief Wortham to be suspended, no charges were filed against him, and his duty assignment under the circumstances obviously was not a suspension as contemplated by the civil service act. Art. 1269m, § 16, V.A.C.S. The civil service commission found no suspension; consequently, there is no presentment of a civil service commission order of suspension appealable under Art. 1269m, § 18, V.A.C.S.

We have been directed to no provision of the civil service act or of a city ordinance that limits the authority of the fire chief to assign an interchange of duties to employees within the same group classification where the civil service status of the assigned employee is not otherwise affected. Such an assignment of related duties not otherwise affecting an employee's civil service status is not a deprivation of a right of tenure in his classified position, and thereby mandamus does not apply to delineate duties to be performed. To decree the converse would be to impose strict judicial control over the city's right to supervise and control its internal governmental activities and, as applied here, would handicap the fire chief in his operative administrative decisions deemed to have been made for protection of the public interest and to insure safety, and would severely impair the effectiveness of the fire department operations. This role of control is neither a function nor a prerogative of the court. It follows that the trial court's action was proper.

The trial court's judgment is affirmed.