**CELLERMASTER WINES, INC., and Johnson Ho, Plaintiffs,**

v.

**Donald R. CHASTAIN, Defendant.**

**No. 81–2702–Civ–JLK.**

United States District Court,
S. D. Florida.

Jan. 25, 1982.

Paul M. Korchin, Miami, Fla., for plaintiffs.

Harold F. X. Purnell, Dept. of Business Regulation, Tallahassee, Fla., for defendant.

## ORDER DISMISSING COMPLAINT

JAMES LAWRENCE KING, District Judge.

This matter is before the Court on the defendant's motion to dismiss the complaint and the plaintiffs' response thereto. The posture of this case raises serious questions about the exercise of federal court jurisdiction, and this Court concludes that such exercise is inappropriate.

This action arises out of a search of the plaintiffs' business premises by the defendant-officer of the Division of Alcoholic Beverages and Tobacco of the Florida Department of Business Regulation. The complaint alleges that, acting under color of state statutes authorizing inspections and searches to enforce beverage tax laws, *see* §§ 561.07, 561.29(2), and 562.41(1)(2) and (5), Fla.Stat.Ann., the defendant violated the plaintiffs' rights to be free from unreasonable searches and seizures, in violation of the fourth and fourteenth amendments to the United States Constitution. The plaintiffs allege jurisdiction based upon 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and seek injunctive and declaratory relief.

This Court concludes that the essence of the alleged wrongdoing revolves around whether the defendant acted within the purview of his state statutory authority. It is true that the language of the complaint asserts both state statutory and federal constitutional violations. Such allegations give this Court jurisdiction to determine whether the complaint states a claim upon which relief can be granted for the "deprivation ... of any rights, privileges, or immunities secured by the Constitution and laws ...." 42 U.S.C. § 1983. *See, e.g., Brown v. Dunne,* 409 F.2d 341, 344 (7th Cir. 1969). Nevertheless, bare allegations of a constitutional deprivation cannot be used to invoke the federal court's jurisdiction to decide a fundamentally state law question. The test is whether the complaint raises a "substantial federal question." *See, e.g., Hagins v. Lavine,* 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974).

The plaintiffs attempt to analogize this case to *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1969), to trigger the federal court's jurisdiction based on a violation of possible fourth and fourteenth amendment interests. *Colonnade*, however, and other cases involving inspections under federal beverage regulatory statutes, are inapposite here.

Cases involving violations of federal statutes present a federal question which gives rise to federal jurisdiction without the necessity of a violation of a constitutional right. *Colonnade* was an action by a liquor licensee under Fed.R.Crim.P. 41(e) for suppression and return of properties seized by Internal Revenue Service agents during an inspection authorized by federal revenue statutes. 397 U.S. at 73, 90 S.Ct. at 775 (inspection pursuant to 26 U.S.C. §§ 5146(b) and 7606). *See also United States v. Hofbrauhaus, Inc.*, 313 F.Supp. 544 (D.Conn. 1970). An action such as the one at bar, however, is not cognizable in the federal courts without an independent violation of a right protected by the Constitution or laws of the United States.

The plaintiffs argue that Florida Statute § 562.41(3) and (4) are the state counterparts to the federal statute at issue in *Colonnade*, and thus the fourth amendment becomes jurisdictionally applicable. Although there is language in *Colonnade* which suggests that fourth amendment considerations were present, the case did not rest on fourth amendment grounds. The holding of *Colonnade* was that where the federal beverage officer exceeded his statutory and regulatory authority, the items seized had to be suppressed as evidence and returned to the liquor company. The Court reasoned that because Congress had provided expressly for the appropriate penalty in the event of a dealer's refusal to permit inspection, seizure of the property by implication was not authorized. *Colonnade* does not establish a rule that violation of a search and inspection statute constitutes a fourth amendment violation.

A close examination of the complaint in this case and memorandum in support of the motion for injunctive relief indicates that the central question presented is whether the state beverage officer exceeded his statutory authority to search and inspect under Florida law. The Memorandum states, *inter alia*, "Chastain failed to limit the scope of his search to those objects and subjects delineated by his statutory authority" (page 7); "[h]is wholesale rummagings through the nooks and crannies of CELLARMASTER'S premises for hours at a time were clearly beyond the scope of the inspections contemplated by this statutory scheme" (page 7); "[n]either § 561.07 nor 562.41 authorizes general searches of the premises and seizures of personal effects or any other materials located during a search" (p. 8).

■ The Court does not doubt the plaintiffs' sincerity in their belief that the defendant's actions were "unreasonable;" but the clear import of the complaint and supporting argument is that the searches were unreasonable for fourth amendment purposes *because* they went beyond the boundaries authorized by the Florida Statute. To the extent the allegations so assert, it is clear that they do not state a claim under the Constitution. As the Supreme Court said in *Snowden v. Hughes*, 321 U.S. 1, 11, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1941): "Mere violation of a state statute does not infringe the federal Constitution." *See also Barney v. City of New York*, 193 U.S. 430, 24 S.Ct. 502, 48 L.Ed. 737 (1904) ("Controversies over violations of the [State's] laws . . . are controversies to be dealt with by the courts of the State. Complainant's grievance was that the law of the State had been broken . . . . [T]he principle is that it is for the state courts to remedy acts of state officers done without the authority of, or contrary to, state law.")

A district court in a similar situation noted:

Since jurisdiction of this action lies under the Civil Rights Act, this Court has authority only to review state action that allegedly deprives plaintiffs of a federal right. Whether state officers have obeyed state statutes presents an issue of a

state right not a federal right. A state official may act unlawfully under state law without thereby violating the Constitution. Since this Court is not called upon to determine the constitutionality of the state statutes, it cannot by indirection in reaching the federal issues, pass judgment on the adequacy of conduct addressed by state laws. State courts are the proper forum in which to raise issues of compliance with these state laws. *Karr v. Blay*, 413 F.Supp. 579, 584 (N.D. Ohio 1976).

In dismissing this case, this Court is confident that the plaintiffs will have a full and fair hearing of all their concerns in the courts of the State of Florida. Should it appear that there is indeed a constitutional violation here, the state courts are fully competent to interpret and fully enforce the plaintiffs' federal rights. Indeed, this structure was envisioned by the drafters of the Constitution of the United States, who expressly decreed in the Supremacy Clause: "This Constitution, and the Laws of the United States ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby ...." U.S. Const. Article VI, paragraph 2. By now it is well-established that "Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Bonner v. Circuit Court*, 526 F.2d 1331, 1336 (8th Cir. 1975), *citing Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); and *Schlesinger v. Councilman*, 419 U.S. 1043, 95 S.Ct. 615, 42 L.Ed.2d 637 (1975).

Finally, this dismissal does not irretrievably deny the plaintiffs any right that they may have to a federal forum. In this sense, this is a case of federal court abstention, and "although [the plaintiffs] must inform the state courts regarding the nature of [their] federal claims, [they] may preserve them for federal adjudication if [they] de-

sire to do so." *Neal v. Brim*, 506 F.2d 6, 11 (5th Cir. 1974), *citing England v. Louisiana Medical Examiners*, 375 U.S. 411, 420, 84 S.Ct. 461, 467, 11 L.Ed.2d 440 (1964).

It is therefore

ORDERED and ADJUDGED that the complaint fails to raise a substantial federal question so as to state a claim under 42 U.S.C. § 1983. The cause must therefore be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1343. *See Kenosha v. Bruno*, 412 U.S. 507, 513, 93 S.Ct. 2222, 2226, 37 L.Ed.2d 109 (1973).