Lila Mae COGDILL, Plaintiff,

v.

COMAL INDEPENDENT SCHOOL
DISTRICT, et al., Defendants.

No. SA–85–CA–608.

United States District Court,
W.D. Texas,
San Antonio Division.

Oct. 11, 1985.

**48**

James M. Heidelberg, Mendelsohn, Heidelberg & Beer, Inc., San Antonio, Tex., for plaintiff.

Robert L. Oliver, Gaye L. Rothman, Austin, Tex., for defendants.

## ORDER OF DISMISSAL

H.F. GARCIA, District Judge.

On this day came on to be considered defendants' motion to dismiss, and plaintiff's response thereto. Plaintiff, a former high school principal in the Comal Independent School District, sued the district, the superintendent, and the past and present school board trustees, for failing to renew her contract of employment. Most of her causes of action arise under state law; the exercise of pendent jurisdiction over these claims is requested. Her only federal claim concerns the alleged deprivation of her right to due process under the Four-teenth Amendment. The Court has examined the pleadings and the applicable law, and is of the opinion plaintiff had no property or liberty interest which necessitated constitutional due process prior to her termination. Dismissal of the federal question for failure to state a claim requires dismissal of the state claims for lack of jurisdiction. *Bova v. Pipefitters & Plumbers Local 60, AFL–CIO,* 554 F.2d 226, 228 (5th Cir.1977).

■ It is well settled that the requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). The Supreme Court stated:

> "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."

408 U.S. at 577, 92 S.Ct. at 2709.

The sufficiency of the claim of entitlement must be decided by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). In the case at bar, plaintiff's complaint does not assert *entitlement* to continued employment but only an *expectation* of continued employment, which *Roth* found to be insufficient to create a property interest. The plaintiff in *Roth* was hired as a teacher for a fixed term of one year. The Supreme Court held that he had no legitimate claim of entitlement to reemployment, and thus no property right.

Cogdill's complaint indicates she had been employed by defendants on a year-to-year basis pursuant to section 23.28 of the Texas Education Code. While Texas law does allow for continuing contracts (Texas Education Code, section 13.101), plaintiff makes no claim she had such a contract. In *Burris v. Willis Independent School District, Inc.,* 713 F.2d 1087 (5th Cir.1983) and *Wells v. Hico Independent School Dis-*

*trict,* 736 F.2d 243 (5th Cir.1984, U.S.App. Pndg), the Court of Appeals held that a plaintiff employed under the fixed term provision (section 23.28) has no property right in his or her employment.

Plaintiff attempts to distinguish *Wells* and *Burris* in arguing that they involved fact situations which arose prior to enactment of the Term Contract Nonrenewal Act (Texas Education Code, section 21.201 et seq.) in 1981 by the Texas legislature. Section 21.202 requires the board of trustees to consider a teacher evaluation prior to deciding not to renew a term contract. Section 21.204(a) and (c) require the trustees to give the teacher a timely notice of a proposed nonrenewal containing a statement of the reasons for the proposed action. Section 21.204(b) provides that the failure to give such notice constitutes an election by the trustees to employ the teacher for the next year. In effect, plaintiff asserts that certain conditions had to be met before her employment could be terminated, and that defendants' failure to follow the procedure established a right to employment.

▇▇▇ The Court rejects plaintiff's argument for several reasons. First, section 21.203 provides simply that the trustees may choose not to renew the employment of a term contract employee. Contrary to plaintiff's position, there is no requirement that nonrenewal be based on just cause. That provision is a clear indication that the Term Contract Renewal Act was not intended to create a property interest in continued employment. Secondly, a distinction should be made between a state law which creates a legitimate claim of entitlement to employment, (such as the continuing contract provision), on the one hand, and a state statute which merely establishes a termination, or in this case, a nonrenewal procedure, on the other hand. Entitlement to continuation of employment is not created by the due process clause. *American Federation of Government Employees, AFL–CIO v. Stetson,* 640 F.2d 642, 645 (5th Cir.1981). *See, Board of Regents of State Colleges v. Roth,* 408 U.S. at 577, 92 S.Ct.

at 2709. While the failure to comply with the state procedures may be the basis for a state law claim, it cannot suffice to create a property interest. *See, Wells v. Hico Independent School District, supra,* at 253, n. 13. *Irby v. Sullivan,* 737 F.2d 1418, 1422 n. 4 (5th Cir.1984). The final reason for rejection of plaintiff's argument is related to the first two. It is this Court's belief that legitimate entitlement to continued employment must exist at the time due process becomes appropriate. Prior to then, no entitlement exists under Texas law. Had the procedures of evaluation and notice not existed or had they been complied with, there could be no dispute that defendants' decision not to renew plaintiff's contract would have been lawful. This Court holds that violation of state procedures for nonrenewal of teacher's employment contracts in Texas does not create a property interest for federal due process purposes.

▇▇▇ While due process is also required if a liberty interest is infringed, no such infringement appears in plaintiff's complaint. When a public employer, in refusing to rehire an employee, makes charges against him that might seriously damage his standing in the community or otherwise impose a stigma on the employee that forecloses his freedom to take advantage of other employment opportunities, the employee's liberty interest may be implicated and he should be granted the opportunity of a hearing to clear his name. *Wells v. Doland,* 711 F.2d 670, 676 (5th Cir.1983). To establish a liberty interest sufficient to implicate the Fourteenth Amendment's safeguards, the employee must show not only that he has been stigmatized, but: (1) that he was stigmatized in or as a result of the discharge process, (2) that the charges were made public, and (3) that he was denied a meaningful hearing to clear his name. *Ibid.* In her complaint, plaintiff asserts that defendant Wilhelm, the superintendent, made a negative recommendation to the trustees and made statements about plaintiff to the trustees which cast aspersions upon her professional quali-

fications. No specific statements are recited. There is no allegation that any stigmatizing charges were made public. Disclosure to the trustees does not constitute publication. *See, Kelleher v. Flawn,* 761 F.2d 1079, 1087 (5th Cir.1985). *Wells v. Hico Independent School District, supra,* at 257–58. *Ortwein v. Mackey,* 511 F.2d 696, 699 (5th Cir.1975). Nor is there any claim that a possibility exists that defamatory information will not be kept confidential. *See, Burris v. Willis Independent School District, Inc., supra,* at 1092. In fact, plaintiff complains that defendants never made any charges against her which would have allowed her to correct any deficient performance.

■ In response to defendants' motion to dismiss, plaintiff seems to argue that the mere fact that her contract was not renewed was stigmatizing and damaged her good name, reputation, honor and integrity. Even if this were true, it does not implicate a liberty interest. *Board of Regents of State Colleges v. Roth,* 408 U.S. at 575, 92 S.Ct. at 2708. *Kelleher v. Flawn, supra,* at 1087. *Wells v. Hico Independent School District, supra,* at 256. The Court finds that plaintiff's complaint fails to state a claim that her liberty interest has been impinged. Without either a property or liberty interest to trigger due process requirements, plaintiff has no federal claim. Her entire complaint will, therefore, be dismissed.

It is, therefore, ORDERED that the above-entitled and numbered cause be, and it hereby is, DISMISSED without prejudice.