**R.D. ALFORD, Appellant,**

v.

**CITY OF DALLAS, et al., Appellees.**

**No. 05–86–00749–CV.**

Court of Appeals of Texas, Dallas.

Aug. 20, 1987.

Phil Burleson, Jr., Dallas, for appellant.
John E. Kirby, Dallas, for appellees.

Before WHITHAM, BAKER and LAGARDE, JJ.

LAGARDE, Justice.

R.D. Alford sued the City of Dallas and Billy Prince, the Chief of Police for the City of Dallas (collectively "City of Dallas"), in a district court seeking review of an administrative personnel decision. Alford alleged that the failure of the Dallas Police Department to follow its written transfer regulations deprived him of his liberty and property interests without due process of law, deprived him of the equal protection of the law, and unconstitutionally impaired his employment contract with the City of Dallas. The trial court dismissed Alford's suit for want of jurisdiction. In one point of error, Alford contends that he invoked the jurisdiction of the trial court by properly pleading deprivations of his federal and state constitutional rights, and that, therefore, the trial court erred in dismissing his suit. We disagree. Consequently, we affirm.

Alford is a police officer with the City of Dallas. For several years prior to 1982,

Alford applied for but was denied a transfer to the helicopter section of the police department. In 1982, the Dallas Police Department adopted section 401.05 of its personnel regulations which contains specific rules and procedures governing transfers. Pursuant to section 401.05, Alford again requested a transfer to the helicopter section. Alford's name was placed on a transfer list that contained the names of four other officers who had requested a transfer to the helicopter section. In the spring of 1982, two vacancies arose in the helicopter section. One was filled by an officer whose name was on the transfer list. However, the other position was filled by an officer whose name was not on the list. By transferring an officer whose name was not on the list, the police department failed to follow the procedures set forth in section 401.05. The department sent Alford a letter in which an alleged hearing disability was cited as the primary reason for the transfer denial.

Alford filed a petition in the district court seeking to review the transfer decision. He sought a declaratory judgment that the police department's transfer regulations be declared mandatory, an order directing the department to transfer Alford to the helicopter section, and back pay that he would have been entitled to if the department had followed its transfer procedures and transferred him. In its answer, the City of Dallas filed special exceptions claiming that Alford's pleadings failed to allege a constitutional or statutory basis for jurisdiction. In its motion to dismiss for want of jurisdiction, the City states that the trial court held a hearing on the City's plea to the jurisdiction of the court, that the court found that Alford's pleadings failed to state a cause of action, and that the court entered an order giving Alford an opportunity to amend his pleadings to state a cause of action. In response to the latter order, Alford filed an amended petition. The City then filed its motion to dismiss for want of jurisdiction. The trial court heard the motion and then dismissed Alford's suit for

want of jurisdiction because his amended pleadings failed to state a cause of action within the jurisdiction of the court.

■ Alford contends that the trial court erred in dismissing his suit because his pleadings invoked the jurisdiction of the court. Alford concedes that there is no statute that gives him the right to appeal the administrative transfer decision. Where there is no statutory right of appeal, there is no right to appeal an administrative order unless the order violates a constitutional provision.[1] *See Stone v. Texas Liquor Control Board,* 417 S.W.2d 385, 385–386 (Tex.1967); *City of Amarillo v. Hancock,* 150 Tex. 231, 234, 239 S.W.2d 788, 790 (1951). Consequently, we must decide whether Alford's pleadings show that he has a right to appeal from the City's decision not to transfer him. The cases offer little guidance as to what jurisdictional allegations a party seeking judicial review of an administrative order must make in order to invoke the jurisdiction of a district court. However, because jurisdiction is determined at the earliest stage of the proceedings, the factual allegations contained in the pleadings must be taken as true. *See Brazosport Savings and Loan Ass'n v. American Savings and Loan Ass'n,* 342 S.W.2d 747, 752 (Tex.1961); *cf. Perry v. Sindermann,* 408 U.S. 593, 600, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972) (due process allegations construed most favorably to plaintiff at summary judgment stage). We hold that, taking the factual allegations contained in the pleadings as true, to invoke the jurisdiction of a district court, the allegations must show that the party seeking review of an administrative order has a constitutionally protected interest that may have been violated by the order. Alford alleges in his pleadings that the City's transfer decision violates the due process clause, the equal protection clause, and the impairment of contracts clause of both the federal and state constitutions. We must examine Alford's pleadings with respect to each constitutional provision that

---

1. The parties do not contend that the "decision" not to transfer Alford is not an "order" for purposes of applying this rule.

the City's transfer decision allegedly violates.

## I. DUE PROCESS

Alford alleges that the City's transfer decision deprived him of his property and liberty interests without due process of law in violation of Article I, section 19 of the Texas Constitution and the fifth and fourteenth amendments to the United States Constitution.

### A. *Property Interest*

To have a property interest protected by the due process clause of the federal constitution, a person must have a legitimate claim of entitlement. *See Board of Regents v. Roth,* 408 U.S. 564, 578, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). With respect to property interests in employment, the sufficiency of the claim of entitlement is decided under state law. *See Bishop v. Wood,* 426 U.S. 341, 345, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Under Texas law, the claim is sufficient if the employee has a vested right in employment. *See Hancock,* 239 S.W.2d at 791; *see also Coulter v. Melady,* 489 S.W.2d 156, 159 (Tex.Civ.App.—Texarkanna 1972, writ ref'd n.r.e.) (due process clause of the Texas constitution protects vested property rights), *cert. denied,* 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973). Alford attached a copy of the police department's transfer regulations to his pleadings and incorporated them by reference. It is clear from the face of those regulations that Alford does not have a vested property right in a transfer to the helicopter section.

Section 401.05 provides:

C. Filling a Sworn Vacancy

1. When Division Commanders are authorized to fill a vacancy, they will request from Personnel Division a list of officers wishing to transfer to their division. Individual divisions will not maintain their own list.

2. Police Personnel will provide the Division Commander with a copy of the Sworn Transfer Request Forms of the top five officers, by date of request, requesting transfer to that Division.

3. The Division Commander or his designate will conduct a personal interview with each of the five candidates and will consider past performance, disciplinary action, sick time, supervisory recommendations and other job related criteria.

4. The Division Commander must make his selection from the five names provided by Police Personnel or remove all five names from the list. A Division Commander may remove a name from the list for reasons such as poor past performance, disciplinary action, excessive instances of sick time, poor supervisory recommendations, *or other substantiated reasons.* If an individual is removed from the list after the interview, he will be so notified by memorandum forwarded through the Bureau Commander. A copy will be sent to Police Personnel in order to remove his name from the transfer list. If an individual's name is not removed from the list but he is not chosen for the assignment, his name will remain in the same position and will be considered for future openings.

5. Should the Division Commander eliminate all five candidates on the list, he shall request another list from Police Personnel to which the above procedures will apply.

6. The Chief of Police places the responsibility for the operation of a division on the Division Commander and their decision shall be final.

(Emphasis supplied).

Subsection B(3)(d) provides:

It should be noted that placing a request does not assure a transfer, but under this procedure will assure consideration and an interview.

Alford alleged in his pleadings that his name was placed on a transfer list. In his

brief, he states that he was interviewed for the openings in the helicopter section. Furthermore, the letter attached to his pleadings shows that he was considered for the openings but was denied a transfer because of his hearing impairment.

Under section 401.05, the division commander had broad, but not unlimited, discretion in filling a vacancy and in removing names from a transfer list. At most, Alford had an expectancy of a transfer. That expectancy does not rise to the level of a vested property interest that is protected under the due process clause. *See Hancock*, 239 S.W.2d at 791–92 (holding that, under the provisions of the civil service act in question, an individual has no vested property right in his position of captain of the fire department because the City could abolish particular captain positions or the rank of captain entirely).

The dissenting opinion states that Alford had a reasonable expectation that the police department would follow its transfer procedures and that that expectation amounts to a constitutionally protected property right. The dissent reasons that the police department's failure to follow the transfer procedures, by transferring an officer whose name was not on the transfer list, deprived Alford of that property right without procedural due process. Under this reasoning, an employee would have a constitutional cause of action every time that his or her state employer promulgated and adopted rules and procedures and then failed in some respect to follow them. We cannot sanction such a result.

 The dissent fails to recognize that, in order to allege a procedural due process cause of action, Alford's pleadings must show that he has a liberty or property right separate and apart from the police department's regulations. The requirements of procedural due process apply only to the deprivation of interests encompassed by the fourteenth amendment's protection of liberty and property. *Roth*, 408 U.S. at 570, 92 S.Ct. at 2705; *see also Spring Branch Independent School District v.*

*Stamos*, 695 S.W.2d 556, 561 (Tex.1985) (due process strictures apply only to deprivations of liberty and property interests protected by the federal and state constitutions). The dissent would hold that Alford's expectation that the police department would strictly follow its transfer regulations is a protected property right. We do not agree. A state agency's failure to follow its own procedural rules governing employment will not create a property interest which otherwise does not exist. *See Henderson v. Sotelo*, 761 F.2d 1093, 1097–98 (5th Cir.1985); *Wells v. Hico Independent School District*, 736 F.2d 243, 253 n. 13 (5th Cir.1984), *cert. dismissed*, 473 U.S. 901, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985); *see also Cogdill v. Comal Independent School District*, 630 F.Supp. 47, 49 (W.D. Tex.1985) (failure to comply with state statutory procedures for non-renewal of employment contract cannot create a property interest). An individual does not have a property interest in the rules themselves or in his or her state employer's observance of the rules. Rather, a property interest protected by procedural due process arises where an individual has a legitimate claim of entitlement that is *created, supported, or secured by* rules or mutually explicit understandings. *See Roth*, 408 U.S. at 578, 92 S.Ct. at 2709; *Perry*, 408 U.S. at 602–03, 92 S.Ct. at 2700. Thus, a state employer's rules or procedures governing employment merely evidence a property right, and to have a procedural due process cause of action, the plaintiff must establish a protectable property interest separate and apart from the rules themselves. *See, e.g. Perry*, 408 U.S. at 601–03, 92 S.Ct. at 2699–700 (tenure guidelines promulgated by state justified college teacher's legitimate claim of entitlement to *continued employment*); *Conley v. Board of Trustees of Grenada County Hospital*, 707 F.2d 175, 180–81 (5th Cir.1983) (hospital guidebook created legitimate claim of entitlement to *continued employment*). We have already determined under Texas law that the police department's transfer regulations do not create a legitimate claim of entitlement

by Alford to a transfer to the helicopter section. Alford does not allege that the regulations create any other property interest. Nor does Alford allege that the police department's failure to follow the transfer procedures deprives him of some other interest that could be characterized as property under Texas law. Therefore, we hold that Alford's pleadings do not show that he has a property interest that is protected by the due process clause of either the state or the federal constitution.

### B. *Liberty Interest*

■ With respect to his alleged liberty interest, Alford pleaded that:

> Defendants' denial of Plaintiff ALFORD's request for transfer further deprived him of liberty without due process of law in violation of the Constitution of the State of Texas and the United States in that his reputation and good name have been damaged.

Additionally, Alford pleaded that he was informed of the transfer denial by a letter and by a personnel order. The letter, which was attached to and incorporated into his pleadings, states that his hearing impairment was the primary reason for the denial. However, Alford alleges in his pleadings that his evidence conclusively established that he does not have a hearing disorder that would be hazardous to himself or to others or that would render him ineffective as a helicopter pilot.

In *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), a police officer's employment was terminated without a hearing. The officer filed suit alleging that he was entitled to a pretermination hearing to determine the sufficiency of the cause for his discharge. The officer had been privately informed that his dismissal was based on his failure to follow orders, poor attendance at training classes, causing low morale, and conduct unsuited to an officer. The Supreme Court held that, even assuming that the reasons given for the officer's discharge were false, since the communication of the reasons "was not

made public, it cannot properly form the basis for a claim that [the officer's] interest in his 'good name, reputation, honor, or integrity' was thereby impaired." *See Bishop,* 426 U.S. at 349, 96 S.Ct. at 2079.

We must take as true Alford's factual allegations that he has no hearing disorder that would adversely affect his ability to function as a helicopter pilot. *See Brazosport Savings and Loan Ass'n,* 342 S.W.2d at 752. However, Alford does not allege that the reasons for his transfer denial were stated in the personnel order or that the contents of either the personnel order or the letter were made public. The letter was addressed only to Alford personally.

Furthermore, the Supreme Court has held that reputation alone, apart from a more tangible interest such as employment, is not a "liberty interest" that is protected by the due process clause. *See Paul v. Davis,* 424 U.S. 693, 702, 713, 96 S.Ct. 1155, 1161, 1166, 47 L.Ed.2d 405 (1976). Here, Alford has made only the bare allegations that his liberty has been deprived because his good name and reputation have been damaged because of the City's denial of his transfer request. He has not alleged that the police department, in declining to transfer him, imposed any stigma that foreclosed his freedom to take advantage of other transfer or other employment opportunities. *See Roth,* 408 U.S. at 574, 92 S.Ct. at 2707; *Bowen v. Calallen Independent School District,* 603 S.W.2d 229, 234 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Thus, we hold that Alford's pleadings do not show that Alford has a liberty interest that is protected by the due process clause of either the state or the federal constitution.

### II. EQUAL PROTECTION

■ Alford alleges that the City's actions with respect to his transfer request deprived him of the equal protection of the law in violation of Article I, section three of the Texas Constitution, and the fourteenth amendment to the United States Constitution. Specifically, Alford alleges that:

Such deprivation of Plaintiff's rights to due process and equal protection of the law occurred, first, because Defendants refused and failed to follow the procedures established by their own Police Department for the transfer of police personnel, and, second, because the decision not to transfer Plaintiff as requested was done without substantial reason or evidence, and was arbitrary and capricious. Specifically, though Defendants have contended that Plaintiff has a hearing disability which disqualifies him from serving as a helicopter pilot, Plaintiff's evidence conclusively demonstrated that he has no hearing disorder that would be hazardous to himself or to others or render him ineffective as a helicopter pilot.

The essence of an equal protection claim is a discriminatory classification created by a statute or regulation. *See, e.g., Michael M. v. Superior Court,* 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981) (section of the California Penal Code); *Railway Express Agency v. New York,* 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949) (New York City traffic regulations); *see also Burroughs v. Lyles,* 142 Tex. 704, 711, 181 S.W.2d 570, 574 (1944) (equal protection clause of the Texas constitution is designed to prevent discriminatory legislation). Alford has not alleged that the City's transfer regulations discriminate against a particular class of which he is a member. Furthermore, section 401.05 does not create any discriminatory classifications on its face. Thus, Alford's pleadings fail to show that his right to the equal protection of the law may have been violated.

## III. IMPAIRMENT OF CONTRACT

■ Alford alleges that when the City promulgated and adopted its transfer regulations, those regulations became part of his employment contract with the City and the City was thereby contractually bound to follow them. He alleges further that the City's failure to follow the written transfer procedures impaired his employment contract in violation of Article I, section sixteen of the Texas Constitution, and

Article I, section ten of the United States Constitution. Both of those constitutional provisions provide that the state shall not pass any bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts. *See* U.S. CONST. art. I, section 10; TEX. CONST. art. I, section 16. Alford has not alleged that a law has been passed that has impaired his employment contract. Nor has Alford alleged that the City has passed a regulation that impairs his employment contract. Thus, Alford's pleadings fail to show that the impairment of contracts provision of either the state or the federal constitution may have been violated.

We agree with the district court that Alford's pleadings did not state a constitutional cause of action and thereby invoke the jurisdiction of that court. Therefore, the trial court's judgment in dismissing Alford's suit for want of jurisdiction is affirmed.

AFFIRMED.

WHITHAM, J., dissenting with opinion.

WHITHAM, Justice, dissenting.

I respectfully dissent. In his sole point of error, Alford contends that it was error for the trial court to dismiss his cause of action for want of jurisdiction because he properly pleaded deprivations of his rights under the state and federal constitutions in the administrative actions complained of, and thus invoked an inherent right of appeal to the courts. I agree. Consequently, I would sustain Alford's sole point of error and reverse and remand. I write to express my disagreement with the majority in its disposition of Alford's claimed deprivation of a property right without procedural due process under Article I, section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. To my mind, Alford's pleadings show jurisdiction in the district court. Whether Alford can win on the merits is a question not before us. I re-

spectfully submit that the majority fails to recognize the distinction.

As the majority states:

In 1982, the Dallas Police Department adopted section 401.05 of its personnel regulations which contains specific rules and procedures governing transfers. Pursuant to section 401.05, Alford again requested a transfer to the helicopter section. Alford's name was placed on a transfer list that contained the names of four other officers who had requested a transfer to the helicopter section. In the spring of 1982, two vacancies arose in the helicopter section. One was filled by an officer whose name was on the transfer list. However, the other position was filled by an officer whose name was not on the list. *By transferring an officer whose name was not on the list, the police department failed to follow the procedures set forth in section 401.05.*

*Alford v. City of Dallas,* 738 S.W.2d 312, 313–14 (Tex.App.—Dallas, 1987, no writ) (emphasis added). Thus, we have a case in which a political subdivision of the State of Texas failed to follow its own promulgated employment rules. The majority, however, concludes that: "It is clear from the face of [section 401.05] that Alford does not have a vested property right in a transfer to the helicopter section." *Alford,* at 315. The majority further states that "At most, Alford had an expectancy of a transfer. That expectancy does not rise to the level of a vested property interest that is protected under the due process clause." *Alford,* at 315–16.

In my view, the majority fails to address Alford's true argument. I quote Alford's brief:

In short, Officer Alford's argument is not based on the premise that the transfers made were simply unwise or ill-informed, but rather that they were illegal under the Police Department's own rules, and that the Trial Court has jurisdiction to decide his claim on its merits.

\*　　\*　　\*　　\*　　\*　　\*

[O]nce a governing body makes rules and regulations, even if it was under no obligation to do so, it is bound by such rules and regulations.

\*　　\*　　\*　　\*　　\*　　\*

The fact that a regulation like Section 401.05 is binding as long as it is in force means that the minimum requirements of procedural due process include the procedures specified in the regulation.

\*　　\*　　\*　　\*　　\*　　\*

In the present case, Appellant alleges that the procedures provided in Section 401.05 of the Dallas Police Personnel Regulations gave rise to expectations on his part in connection with his application for transfer to the Helicopter Section; expectations which were entitled to due process protection, but which were frustrated by Appellees' failure to abide by Section 401.05. To the extent that Appellees differ from Appellant in their contentions as to the meaning of Section 401.05 and its application to Appellant's request for transfer, these matters involve the merits of the case to be decided in the Trial Court once it has assumed jurisdiction over this lawsuit. What must be emphasized is that Appellant's position is not simply that the transfer of other officers into the Helicopter Section, along with the denial of Appellant's request for transfer, was simply a bad personnel decision; rather, Appellant's position is that these personnel decisions were made in violation of the Dallas Police Department's own rules governing how they must be made, depriving him of his property right created by such rules without due process of law. Appellant asks only that the Department be ordered to comply with its own rules in deciding on his application for transfer. It would then be the function of the Trial Court to look at the merits of the case to determine if Appellant was refused the opportunity to be transferred because of some bias or prejudice on the part of the Division Commander.

Thus, I read Alford to contend that his expectation that the Dallas Police Department will abide by its own regulations constitutes a property right and that he has been deprived of this property right without the due process set forth in the Police Department's regulations. Thus, Alford contends that he has invoked the trial court's jurisdiction of this constitutional due process question. By promulgating rules governing and setting transfer procedures, the Dallas Police Department has created, in Alford and others similarly situated, a reasonable and protectable expectation that the rules and procedures prescribed by the regulations will be scrupulously and conscientiously followed. *See Associated Builders & Contractors v. Department of Energy*, 451 F.Supp. 281, 283 (S.D.Tex.1978). When the published rules and regulations of an arm of state government establish a particular statutory procedure and they add to the constitutional minimum, then they must be followed. *Wells v. Dallas Independent School District*, 576 F.Supp. 497, 503 n. 13 (N.D.Tex. 1983) (citing *Ferguson v. Thomas*, 430 F.2d 852, 856 (5th Cir.1970)). *Accord United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268, 74 S.Ct. 499, 503, 98 L.Ed. 681 (1954).

I agree with the majority that, by transferring an officer whose name was not on the list, the police department failed to follow its own procedures as set forth in section 401.05. I conclude that Alford's application for a transfer to the helicopter division under the procedure prescribed in section 401.05 resulted in his reasonable and protectable expectation that the police department would scrupulously and conscientiously follow its own regulations. Thus, in failing to abide by its own regulations, the police department deprived Alford of his reasonable expectation that the department would follow its own regulations, a property right.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. CONST. amend. XIV. To set forth a cause of action under the Fourteenth Amendment, it is necessary to allege that one's constitutional rights were infringed upon as a result of "state action." *Robinson v. Price*, 553 F.2d 918, 919–20 (5th Cir.1977). Public employers or their agents are clothed with the responsibility for public affairs which attaches to their actions the color of state involvement for purposes of the Fourteenth Amendment. *Crawford v. Short*, 387 F.Supp. 282, 285 (S.D.Tex.1975). *See Childers v. Dallas Police Department*, 513 F.Supp. 134, 143–44 (N.D.Tex.1981). Alford contends that the Dallas Police Department, as a public employer, has deprived him of a property right without due process under the Fourteenth Amendment. In my view, Alford has properly alleged the state action portion of his cause of action.

I now turn to the question of whether the police department's transfer decisions deprived Alford of any property right. A protected property interest in employment exists only when the employee has a legitimate claim of entitlement to it. *Conley v. Board of Trustees of Grenada County Hospital*, 707 F.2d 175, 179 (5th Cir.1983) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). The source of such a claim can be a state statute, a local ordinance, a rule, or a mutually explicit understanding. *Conley*, 707 F.2d at 179. Whatever the source, however, the sufficiency of the claim of entitlement must be decided by reference to state law. *Conley*, 707 F.2d at 179. The Dallas Police Department voluntarily promulgated its Personnel Regulations including section 401.05 which establishes its transfer procedure. I conclude that the Dallas Police Department created a reasonable expectancy in Alford and all other transfer applicants that the department would follow its promulgated procedures. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429–30 & 435–36, 102 S.Ct. 1148, 1154 & 1157–58, 71 L.Ed.2d 265 (1982) (where state statutes provided scheme to adjudicate alleged discrimination based on physical handicap, state's failure to follow

statutory procedure deprived appellant of cause of action which constituted property right); *Conley,* 707 F.2d at 178–81 (hospital employee had reasonable expectancy of continued employment where hospital guidebook listed 36 reasons for dismissal and employee had not committed any of listed violations); *Glenn v. Newman,* 614 F.2d 467, 471–72 (5th Cir.1980) (police officer had reasonable expectancy of continued employment where police department manual listed violations warranting dismissal and police officer had not committed any of listed violations); *Ferguson v. Thomas,* 430 F.2d at 856–57 (5th Cir.1970) (where school department's regulations established procedure for termination of teacher's employment in addition to constitutional minimum, school must follow its own rules). *Accord, United States v. Caceres,* 440 U.S. 741, 751 & n. 14, 99 S.Ct. 1465, 1471 & n. 14, 59 L.Ed.2d 733 (1979) (concerning Internal Revenue Service wiretap regulations, "[w]here the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures"). Accordingly, I conclude that the police department's procedural regulations provided Alford a constitutionally protected property right to have the department follow its promulgated transfer procedures. *See Logan,* 455 U.S. at 429–30, 102 S.Ct. at 1154; *Board of Regents v. Roth,* 408 U.S. at 578, 92 S.Ct. at 2709; *Conley,* 707 F.2d at 180–81; *Glenn v. Newman,* 614 F.2d at 471–72; *Ferguson v. Thomas,* 430 F.2d at 856–57.

I further conclude that, in failing to abide by its own regulations, the police department deprived Alford of his reasonable expectation that the department would follow its own regulations, a property right. When published rules and regulations establish a particular statutory procedure, they must be followed. *Ferguson v. Thomas,* 430 F.2d at 856–57. Accordingly, I conclude that the police department must follow its own published procedures to afford a transfer candidate like Alford procedural due process. By transferring an officer whose name was not on the list, the police department failed to follow the published procedures set forth in section 401.-05. Consequently, I conclude that the police department, by failing to follow its own published transfer procedure, deprived Alford of a constitutionally protected property right without due process of law. Therefore, Alford's pleadings show that he has an inherent constitutional right to appeal from the City's administrative decision not to transfer him. Accordingly, I would reverse the trial court's dismissal of Alford's cause of action for want of jurisdiction and remand this case to the trial court for proceedings on the merits. I express no opinion on the merits of Alford's cause of action.