**CITY OF HOUSTON and the Civil Service Commission of the City of Houston, Appellants,**

v.

**Lawrence VITEK, Appellee.**

**No. A14–92–00592–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 11, 1993.

Rehearing Denied April 1, 1993.

Elizabeth Trevino, Houston, for appellant.

Gregg M. Rosenberg, Randy Jarnigan, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## MAJORITY OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment in favor of the plaintiff, Lawrence Vitek, awarding him back pay and attorney's fees. The City of Houston claims that the trial court lacked jurisdiction to enter the award. We disagree, and affirm the judgment.

On November 14, 1984, Lawrence Vitek was re-assigned from his position as Sludge Processor III at the Northside Wastewater Treatment Plant, to replace the "Section Chief" at the Process Operations Branch located the Sims Bayou Wastewater Treatment Sludge Disposal Plant. His supervisor, Mr. Lonnie Lange, interviewed Vitek, and requested that Vitek function as a "Plant Superintendent" at the Sims plant. This position possessed all of the responsibilities of the chief operator. Generally, the official job classification is "Section Chief," but that is discretionary. On or about November 24, 1984, Vitek assumed the job functions of the "Section Chief" under the title "Plant Superintendent."

The position of "Section Chief" at the Sims plant was scheduled to be posted for competitive qualification in October of 1985. However, due to a hiring freeze, the scheduled posting did not occur until February 26, 1986. As of February 26, 1986, Vitek still had not been promoted to that position.

In accordance with City ordinances, Vitek filed all necessary grievances. On May 29, 1986, he filed a Step I grievance. His supervisor responded that efforts were continuously being made to gain him an official "Section Chief" position. Dissatisfied with that answer, Vitek filed a Step II grievance. The Department Head was in complete agreement with Vitek, but noted that a position could not be opened up for him until the hiring freeze was ended. Vitek then filed a Step III grievance. The Hearing Examiner determined that Vitek's grievance was fully justifiable. The Examiner noted that Vitek had been working out of classification for a period of 18 months, during which time he had been occupying the position of Section Chief, but without the title and the compensation. He noted that Vitek had been performing in an above standard capacity, and that he certainly could qualify for the position if it could be posted.

On August 29, 1986, Vitek requested that the Civil Service Commission review the Hearing Examiner's order. The Commission reviewed the record of the hearing, and remanded the case to the Hearing Examiner. The remanded, "FINAL ORDER OF THE COMMISSION" stated:

The Commission, having reviewed the record of the Hearing conducted by the Hearing Examiner ... ORDERS this case remanded to the Hearing Examiner for taking of further evidence. Hearing Examiner to receive evidence on following issues:

1. Is grievant acting as the Section Chief?

2. If so, how long?

3. If he has been so acting for more than 90 days, has he been improperly denied a *temporary* promotion to that classification pending competitive process to fill permanently?

4. If he has performed the work, then he should receive pay from 91st day to present.

The Hearing Examiner responded on March 31, 1987 that:

... in the opinion of this examiner, Mr. Vitek has been working out of classification since November 24, 1984 in a position which is generally performed by a Section Chief.... It is the further opinion of this examiner that inasmuch as Mr. Vitek performed the duties and responsibilities associated with those of a Section Chief his compensation should be adjusted accordingly from the 91st day.

The Commission received the response but took no immediate action. On February 27, 1989, Vitek filed a Writ of Mandamus to force the Commission to issue payment. On May 9, 1989, the Commission again ordered the Examiner to answer the prior questions "Yes," "No" or "I don't know." The Examiner responded that "Yes," Mr. Vitek had been working out of classification, and for over two years and four months, but that he did not know whether Mr. Vitek had been improperly denied a temporary promotion.

Based upon this information, the Civil Service Commission of the City of Houston purported to file a **second** final ruling. It denied Vitek back pay based upon the Examiner's failure to find that Vitek had been improperly denied a temporary promotion. Vitek appealed the Commission's second order to District Court. Both the City and Vitek moved for summary judgment. The Court denied the City's motion for summary judgment, and found that, as a matter of law, Vitek was entitled to back pay. The City now appeals both the trial court's denial of its motion for summary judgment and granting of Vitek's motion for summary judgment. The City claims that the trial court lacked jurisdiction to hear the suit because Vitek had no legal right of appeal.

■■■ A district court can only review an administrative decision if: (1) there is a statutory right of appeal; (2) the administrative order violates a constitutional right; or (3) the order adversely affects a vested property right. *Sells v. Roose*, 769 S.W.2d 641 (Tex.App.—Austin 1989, no writ), *citing Stone v. Texas Liquor Control Bd.*, 417 S.W.2d 385 (Tex.1967). There is no statute vesting jurisdiction in the district court to review the administrative decisions of the Civil Service Commission. Vitek contends that the Commission's second order denying him back pay unconstitutionally divested him of a vested property right. We agree.

■■■ Property rights are created and their dimensions defined by existing rules or understandings stemming from independent sources such as state law. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). An individual's property interest is protected if he has a "legitimate claim of entitlement that is *created, supported, or secured by* rules or mutually explicit understandings." *Alford v. City of Dallas*, 738 S.W.2d 312, 316 (Tex.App.—Dallas 1987, no writ), *citing Roth*, 408 U.S. at 578, 92 S.Ct. at 2709.

The Commission's initial "FINAL ORDER" remanded the case to the Hearing Examiner to answer three questions, and instructed the Examiner that if Vitek had performed the work of a Section Chief, then he should receive pay from the 91st

day. The Examiner determined that Vitek had been performing the work of a Section Chief, and concluded that he should be paid back pay from the 91st day until promoted. Once this determination was made, the order became final. Nothing was left inconclusive, or open for dispute.

 A final administrative order is one that leaves nothing open for future disposition. *State v. Public Utility Comm'n.*, 840 S.W.2d 650, 654 (Tex.App.—Austin 1992, no writ). Decisions which are "definite, promulgated in a formal manner and one with which the agency expects compliance," should be treated as final decisions. *Id., citing* 5 J. Stein, G. Mitchell & B. Mezines, *Administrative Law* 48–10 (1988). The February 26, 1987 order, remanding the case to the Hearing Examiner, was formally promulgated, definite, and one with which the Commission expected compliance. It specifically order the Examiner that if Vitek "had performed the work, then he should receive [the] pay."

 Merely because an order is conditional, does not fail to make it final. See, *North Alamo Water Supply Corp. v. Texas Dept. of Health*, 839 S.W.2d 448 (Tex. App.—Austin 1992, writ denied). So long as the order does not require "subsequent agency *approval*," it is a final order. *Id.* at 451. (emphasis added). Once the Examiner found that Vitek was entitle to payment, no further agency approval was required. The only action remaining was for the Commission to issue payment.

 In a subsequent order, the Commission defied the finality of its earlier ruling, and attempted to divest Vitek of his back pay. We hold that the Commission's second order of June 7, 1989 was entered improperly and without jurisdiction. We find that as a matter of law the Commission's "FINAL ORDER" of February 26, 1987 became binding on March 23, 1987, when the Examiner found that Vitek was entitled to payment. At that time, Vitek's right to back pay became a legitimate claim of entitlement, protected by the 5th and 14th Amendments of the United States Constitution.

Therefore, we find the trial court had jurisdiction to hear the suit, and overrule Appellants' points of error.

The judgment of the trial court is affirmed.

SEARS, Justice, dissenting.

I respectfully dissent.

There exists *no* power in a district court to review an administrative decision *unless:* (1) there is a statutory right of appeal; or (2) the order violates a constitutionally protected interest. *Stone v. Texas Liquor Control Bd.*, 417 S.W.2d 385 (Tex.1967); *Sells v. Roose*, 769 S.W.2d 641 (Tex.App.—Austin 1989, no writ). In the case of the denial of a position or back pay, the constitutionally protected interest must be a vested property right. *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951); *Mokwa v. City of Houston*, 741 S.W.2d 142 (Tex.App.—Houston [1st Dist.] 1987, writ denied). There is no statute vesting jurisdiction in the district court to review the administrative decisions of the Civil Service Commission. Therefore, the only way the trial court could obtain jurisdiction was if the Commission's final decision, dated June 7, 1989, violated a vested property right. Appellee contends his right to back pay is a vested property right.

Any City employee can apply for any posted position. Vacancies in the classified department shall be filled, when practicable, by employees within the department. All applicants are tested for qualifications for the particular position. An eligibility list is created, consisting of the names of persons who had passed suitable tests, and arranged in order of merit. The Commission determines the qualifications of each employee, and then determines which employee is entitled to the promotion. In other words, an employee more qualified than Vitek could have received the promotion. A person holding an "acting" position does not automatically qualify for the promotion.

In August, 1986, after unsuccessful grievance procedures, Vitek requested that the Civil Service Commission review the

Hearing Examiner's adverse order. The Commission reviewed the record of the hearing, and remanded the case to the Hearing Examiner. The remanded order was styled "Final Order," but stated as follows:

The Commission, having reviewed the record of the hearing conducted by the Hearing Examiner ... ORDERS this case remanded to the Hearing Examiner *for taking of further evidence.* Hearing Examiner to receive evidence on following issues: 1. Is grievant acting as the Section Chief? 2. If so, how long? 3. If he has been so acting for more than 90 days, has he been *improperly* denied a temporary promotion to that classification pending competitive process to fill permanently? 4. If he has performed the work, then he should receive pay from 91st day to present. (emphasis added).

The Hearing Examiner responded on March 31, 1987 that Mr. Vitek had been acting as the Section Chief for over 90 days, but he failed to answer whether Mr. Vitek had been "improperly denied a temporary promotion." He stated that "inasmuch as Mr. Vitek performed the duties and responsibilities associated with those of a Section Chief his compensation should be adjusted accordingly from the 91st day." The Commission received the response but took no immediate action: apparently, because the examiner failed to find appellant was *improperly* denied the promotion.

On February 27, 1989, Vitek filed a Writ of Mandamus to force the Commission to rule on the findings. On May 9, 1989, the Commission again *ordered* the Examiner to answer question number 3: "... has [Vitek] been *improperly* denied a temporary promotion ...". The Examiner was further directed to answer either "Yes," "No," or "I don't know." The Examiner responded "I don't know."

The Civil Service Commission of the City of Houston then issued it's **final ruling** on June 7, 1989. Based on the Examiner's failure to find that Mr. Vitek had been improperly denied a temporary promotion, the Commission ruled that Mr. Vitek had not been improperly denied back pay.

Appellee maintains that the order denying him back pay was in violation of the earlier "Final Order" of the Commission. However, a final order is "one that leaves nothing open to dispute, and ... nothing unfinished or inconclusive." *Pope v. City of Dallas,* 636 S.W.2d 244, 247 (Tex.App.—El Paso 1982, no writ). The February Order requested *additional information* in order to make a final determination. By it's very terms, it could not be final. The 4th "question" was not a question at all. It was more like an instruction that "implied" Vitek should receive back pay **if** the Examiner answered "Yes" to all three preceding questions. The Examiner did not affirmatively answer all three questions. Therefore, the Commission could not order the requested back pay. Subsequently, they sent it back to the Examiner to force an answer to the key question: was Vitek *improperly* denied a temporary promotion. When the Examiner could not answer this single question in the affirmative, the Commission denied the requested back pay. Clearly, there was never an order by the Commission **granting** Vitek back pay.

The majority opinion finds the initial order of the Commission was "conditional," but could also be final. However, the finding that Vitek was entitled to back pay was *conditioned* on a finding that he was "improperly denied a temporary promotion." This finding was never made and the *condition* was never met.

Appellee also maintains that the ordinances of the City of Houston created a vested property right. The City of Houston is a home-rule municipal corporation organized under the laws of the State of Texas. "Under Article 11 § 5 of the Texas Constitution, the powers of a home-rule city are plenary, subject only to the limitations of the city's own charter and ordinances." *City of Dallas v. Parker,* 737 S.W.2d 845, 847 (Tex.App.—Dallas 1987, no writ). Therefore, Houston's own charter and ordinance provisions govern the appointment, employment, promotion, removal, or suspension of municipal employees. *Id.* at 847. Chapter 14 of the City Ordinance controls all employment-aspects of municipal employees. Appellee claims

that, as a municipal employee, he is entitled to back pay because § 14-27 and § 14-64 of the Ordinance warrant like pay for like work. However, Chapter 14 must be read in its entirety. The Chapter does not provide for like payment for like work unless the employee occupies the position "according to the provisions of the charter." § 14-14.

Chapter 14 provides five ways by which an employee's duties can be increased. It allows for (1) promotions; (2) temporary promotions; (3) temporary assignments; (4) transfers; and (5) re-assignment of duties.

A *promotion* is "a change in employment status ... to a position of more responsibility or higher classification or salary." § 14-27. Promotions are made **only** by the Commission. § 14-131.

A *temporary promotion* is an interim promotion. § 14-134. It may be authorized **only** by the Commission, upon the written request of a department head. *Id.*

A *temporary appointment* is an appointment made from an appropriate eligibility list, to a department requiring temporary assistance. § 14-113. **Only** the "appointing authority," the Mayor, has the power to appoint an employee to a position. § 14-27.

A *transfer* is a move from "one position to another position." § 14-115. The transfer of an employee from one department to another "may be made **only** upon the approval of the civil service commission." *Id.* "Any transfer of an employee from a position in a lower class to a position in a class carrying a higher maximum salary shall be deemed a promotion ... and [it] may [not] be accomplished except in the manner provided in these rules for making a promotion." *Id.*

The *re-assignment of duties* is the "result of changing by a supervisor, section head, division or department head, of an employee's duties or responsibilities either gradually or suddenly." § 14-27. The Chapter provide that "all appointments and promotions ... shall be on the sole basis of merit and fitness which, so far as practicable, shall be ascertained by means of competitive examinations." § 14-34.

Appellee claims that he was promoted to his position through a "de facto promotion." The Ordinance does not provide for "de facto promotions." All changes in an employee's status, which provide for an increase in salary or title, are made pursuant to Chapter 14, and must be approved by the Civil Service Commission or the Mayor. Mr. Vitek's assignment from the Northside Wastewater Treatment Plant to the Sims Bayou Wastewater Treatment and Sludge Disposal Plant was made by his supervisor, Lonnie Lange, and the branch manager, Robert Borchardt. His assignment was never approved by the Civil Service Commission.

In *Mokwa v. City of Houston*, 741 S.W.2d 142 (Tex.App.—Houston [1st Dist.] 1987, writ denied), Mokwa sought to recover back pay from the City. She contended that on various dates, while classified as a Fingerprint Classifier, she worked as an Identification Supervisor. Her supervisor had requested that she perform the extra duties. The law applicable to the promotion of police officers provided that positions were to be filled only through competitive civil service examinations, or by a temporary designation by the "Head of the Department." *Mokwa* at 146. The Head of the Department was the Chief of Police. *Mokwa* at 147. The First Court of Appeals held that "because Mokwa was never designated by the Chief of Police to fill any vacant higher position, she has no claim under" the relevant article for back pay. *Mokwa* at 147. I agree with the reasoning of the Court in *Mokwa,* and would hold that Vitek has no claim for back pay under the ordinances of the City of Houston because he was never designated for a higher position by either the Civil Service Commission or the Mayor.

Appellee next maintains that he should have been promoted by the City, because the Commission had the power to do so. However, "a state agency's failure to follow its own procedural rules governing employment will not create a property interest which otherwise does not exist." *Alford v.*

*City of Dallas,* 738 S.W.2d 312, 316 (Tex. App.—Dallas 1987, no writ). At the very most, Vitek had an expectancy of a promotion. An expectancy is not a vested property interest. *Id.*

The City of Houston has demonstrated that Vitek's appeal of the administrative order was neither: (1) authorized by statute; nor (2) instituted to protect a vested property right. While sympathy and equity are in Mr. Vitek's corner, the authority and case law is against him. Therefore, I find that the district court lacked jurisdiction to hear the appeal. I would reverse the judgment of the trial court awarding Vitek back pay and attorney's fees, and render judgment in favor of the City of Houston.